## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.O. AND B.O., PARENTS OF G.O. | : | |
| AND E.O., MINOR CHILDREN, | : | **CIVIL ACTION-No.** |
| J.S. AND E.S., PARENTS OF B.S., | : | |
| A MINOR CHILD, B.L AND J.L., | : | |
| PARENTS OF C.L., A MINOR CHILD, | : | **4:21-cv-** |
| C.S. AND C.S., PARENTS OF L.S. AND M.S., | : | |
| MINOR CHILDREN, C.S. AND B.S., | : | |
| PARENTS OF R.S., C.S., L.S., AND S.S., | : | **Judge Brann** |
| MINOR CHILDREN, M.B. AND R.B., | : | |
| PARENTS OF B.B., P.B., AND M.B., | : | |
| MINOR CHILDREN, J.D., | : | |
| PARENT OF K.D., N.D. AND G.D., | : | |
| MINOR CHILDREN, N.N. AND A.N., | : | |
| PARENTS OF E.N. AND D.N., | : | |
| MINOR CHILDREN, J.L. AND M.L., | : | |
| PARENTS OF K.L. AND O.L., | : | |
| MINOR CHILDREN, S.M. AND M.M., | : | |
| PARENTS OF M.M. AND Q.M., | : | |
| MINOR CHILDREN, AND C.K. AND D.K., | : | |
| PARENTS OF O.K., A MINOR CHILD, | : | |
| AND C.T. AND C.T., PARENTS OF S.T., | : | |
| C.T., AND W.T., MINOR CHILDREN, | : | |
| AND G.M. AND C.M., PARENTS OF N.M., | : | |
| G.M. AND M.M., MINOR CHILDREN, | : | |
| B.S., PARENT OF D.K., A MINOR CHILD | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTINA BASON, SUPERINTENDENT, | : | |
| DAVID SHIMMEL, PRESIDENT OF THE | : | |
| MONTOURSVILLE SCHOOL BOARD, | : | |
| AND MONTOURSVILLE SCHOOL BOARD, | : | **COMPLAINT FILED: 09/10/21** |
| **Defendants** | : | |

## COMPLAINT

Above named Plaintiffs ("Plaintiffs"), by and through undersigned counsel, Gregory A.

Stapp, Esquire, hereby file this Complaint for Injunctive Relief against Defendants Christina

Bason ("Ms. Bason"), Montoursville Area School District ("MASD"), and David Shimmel ("Mr.

Shimmel"), elected official sued in his individual capacity and in his capacity as President of the Montoursville School District Board of Directors.  In support of the claims set forth herein, Plaintiffs allege and aver as follows:

## INTRODUCTION

1. Effective July 19, 2021, the MASD Health and Safety Plan was updated to make masks and any and all face coverings optional for students, staff, and visitors for K-12.  Notice of this requirement was provided to all MASD School District Parents/Guardians in anticipation of the students' first day of school, which was September 7, 2021.  The decision to make masks optional was based upon consultation with the parents of the district at multiple meetings throughout 2021, the March 11, 2021, CDC Report clearly finding that masks were ineffective in preventing the spread of COVID-19 and the 99.99% recovery rate among children under 18 years of age. (See the March 11, 2021, CDC Report attached hereto at Exhibit A).  Following multiple meetings where parents provided evidence of the failure of masks to protect any person from the spread of COVID-19 and expressing their concern over, not only the physical well-being of their children, but their psychological well-being, the Board voted 6-2 to remove the masks from the children at a special meeting held on May 24, 2021.  That decision effectuates the School District's goal of maximizing in-person learning while providing a safe learning environment for students and staff and allowing the students to engage in healthy communication with their teachers and peers.

Without notice to the public, or even prior notice to members of the School Board, the Superintendent sent an email on September 2, 2021, requiring the students to wear masks indoors and on the school buses.  Without the scheduling of any meeting or emergency meeting of the Board, the Superintendent sent the email after consultation with Mr. Shimmel.  Ms. Bason's

email not only requires that the students wear masks while indoors and on school buses, but it stated that students who refused to wear a mask would be held in the lobby of the school, no matter how long, until their parent came to get them. It also stated that students who refused to wear a mask would be left on the side of the road by Montoursville School buses to fend for themselves, no matter what the age of the student.

Ms. Bason, with the approval of Mr. Shimmel, stripped the Board of their authority to make changes to the Health and Safety Plan, or even discuss them, thereby claiming that right for themselves.

Ms. Bason's decision violates Constitutional substantive and procedural due process and will result in irreparable harm to the Plaintiffs, MASD staff, students, and visitors, and the local community at large. Under 23 Pa.C.S.A. §6303(8), any person who interferes with the breathing of a child in the Commonwealth of Pennsylvania is guilty of "child abuse." As the March 11, 2021, CDC Report clearly shows along with comments from the NIH Director, masks are ineffective at preventing the spread of COVID-19. Therefore, subjecting students to wearing masks without any medical justification whatsoever, is child abuse as it results in restricting the child's breathing in addition to many other harmful effects, such as hypoxemia, shortness of breath, increased lactate concentration and acidosis, to name a few.

Plaintiffs ask this Court to immediately enter a Temporary Restraining Order on an emergency basis, and ultimately grant Plaintiff's a Preliminary Injunction to enjoin the Superintendent or members of the Board from enforcing the masking policy established by Ms. Bason on September 2, 2021, and to restore the status quo that existed prior to the Board's vote, that is, restore MASD's universal mask optional policy, effective September 20, 2021, and restore the School Board's authority to enforce the District's Health and Safety Plan for the 2021-2022

school year consistent with the authority as set out in applicable School Board and MASD policies.

## PARTIES

2. Plaintiff G.O. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff G.O. is and was at all times relevant hereto a student at a MASD public school.

3. Plaintiff E.O. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff E.O. is and was at all times relevant hereto a student at a MASD public school.

4. Plaintiffs M.O. and B.O. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs M.O. and B.O. are the parents of Plaintiffs G.O. and E.O.

5. Plaintiff B.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff B.S. is and was at all times relevant hereto a student at a MASD public school.

6. Plaintiffs J.S. and E.S. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs J.S. and E.S. are the parents of Plaintiff B.S.

7. Plaintiff C.L. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff C.L. is and was at all times relevant hereto a student at a MASD public school.

8. Plaintiffs B.L. and J.L. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs B.L. and J.L. are the parents of Plaintiff C.L.

9. Plaintiff L.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff L.S. is and was at all times relevant hereto a student at a MASD public school.

10. Plaintiff M.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff M.S. is and was at all times relevant hereto a student at a MASD public school.

11. Plaintiffs C.S. and C.S. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs C.S. and C.S. are the parents of Plaintiffs L.S. and M.S.

12. Plaintiff R.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff R.S. is and was at all times relevant hereto a student at a MASD public school.

13. Plaintiff C.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff C.S. is and was at all times relevant hereto a student at a MASD public school.

14. Plaintiff L.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff L.S. is and was at all times relevant hereto a student at a MASD public school.

15. Plaintiff S.S. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff S.S. is and was at all times relevant hereto a student at a MASD public school.

16. Plaintiffs C.S. and B.S. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs C.S. and B.S. are the parents of Plaintiffs R.S., C,S, L.S. AND S.S.

17. Plaintiff B.B. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff B.B. is and was at all times relevant hereto a student at a MASD public school.

18. Plaintiff P.B. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff P.B. is and was at all times relevant hereto a student at a MASD public school.

19. Plaintiff M.B. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff M.B. is and was at all times relevant hereto a student at a MASD public school.

20. Plaintiffs M.B. and R.B. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs M.B. and R.B. are the parents of Plaintiffs B.B., P.B. AND M.B.

21. Plaintiff K.D. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff K.D. is and was at all times relevant hereto a student at a MASD public school.

22. Plaintiff N.D. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff N.D. is and was at all times relevant hereto a student at a MASD public school.

23. Plaintiff G.D. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff G.D. is and was at all times relevant hereto a student at a MASD public school.

24. Plaintiff J.D. is an adult individual who is a resident and taxpayer in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff J.D. is the parent of Plaintiffs K.D., N.D. AND G.D.

25. Plaintiff E.N. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff E.N. is and was at all times relevant hereto a student at a MASD public school.

26. Plaintiff D.N. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff D.N. is and was at all times relevant hereto a student at a MASD public school.

27. Plaintiffs N.N. and A.N. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs N.N. and A.N. are the parents of Plaintiffs E.N. AND D.N.

28. Plaintiff K.L. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff K.L. is and was at all times relevant hereto a student at a MASD public school.

29. Plaintiff O.L. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff O.L. is and was at all times relevant hereto a student at a MASD public school.

30. Plaintiffs J.L. and M.L. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs J.L. and M.L. are the parents of Plaintiffs K.L. AND O.L.

31. Plaintiff M.M. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff M.M. is and was at all times relevant hereto a student at a MASD public school.

32. Plaintiff Q.M. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff Q.M. is and was at all times relevant hereto a student at a MASD public school.

33. Plaintiffs S.M. and M.M. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs S.M. and M.M. are the parents of Plaintiffs M.M. AND Q.M.

34. Plaintiff O.K. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff O.K. is and was at all times relevant hereto a student at a MASD public school.

35. Plaintiffs C.K. and D.K. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs C.K. and D.K. are the parents of Plaintiff O.K.

36. Plaintiff S.T. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff S.T. is and was at all times relevant hereto a student at a MASD public school.

37. Plaintiff C.T. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff C.T. is and was at all times relevant hereto a student at a MASD public school.

38. Plaintiff W.T. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff W.T. is and was at all times relevant hereto a student at a MASD public school.

39. Plaintiffs C.T. and C.T. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs C.T. and C.T. are the parents of Plaintiffs S.T., C.T. AND W.T.

40. Plaintiff N.M. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff N.M. is and was at all times relevant hereto a student at a MASD public school.

41. Plaintiff G.M. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff G.M. is and was at all times relevant hereto a student at a MASD public school.

42. Plaintiff M.M. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff M.M. is and was at all times relevant hereto a student at a MASD public school.

43. Plaintiffs G.M. and C.M. are adult individuals who are residents and taxpayers in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiffs G.M. and C.M. are the parents of Plaintiffs N.M., G.M. AND M.M.

44. Plaintiff D.K. is a minor child who resides in the Montoursville School District, in Lycoming County, Pennsylvania. Plaintiff D.K. is and was at all times relevant hereto a student at a MASD public school.

45 Plaintiff B.S. is an adult individual who is a resident and taxpayer in the Montoursville School Disstrict, in Lycoming County, Pennsylvania.  Plaintiff B.S. is the parent of Plaintiff D.K.

46.  Defendant Christina Bason is the Superintendent of the MASD, sued here in her individual and representative capacity.

47. Defendant MASD is a municipal organization made up of 9 individual school directors residing and conducting business in Lycoming County, Pennsylvania.

48. Defendant School Board is an elected school board residing and conducting business in Lycoming County, Pennsylvania.

49. Defendant David Shimmel is a Lycoming County resident and member and President of the School Board, sued here in his individual and representative capacity.

50. At all times relevant hereto, the Defendant Christina Bason and Defendant David Shimmel and the Montoursville School Board were acting under the color of state law.

## JURISDICTION AND VENUE

51. Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein.

52. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), and 42 U.S.C. §1983.

53. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court.

54. Plaintiffs have no adequate remedy at law.

55. Venue is proper before the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Middle District of Pennsylvania.

## FACTS

56. Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein

57. Montoursville School District and the Board of Directors is comprised of these nine individuals: David Shimmel, Daniel Albert, Dale Ulmer, Ronald Snell, Susan Beery, Jennifer Marriot, Dottie Mathers, Scott Konkle and William Ruffing.

58. Plaintiffs believe, and therefore aver, that Mrs. Bason, the Superintendent, does not have a medical degree, nor any expertise in science.

59. Plaintiffs believe, and therefore aver, that David Shimmel, the President of the School Board, does not have a medical degree, nor any expertise in science.

60. This nine-member Board voted 7 to 2 to appoint Christina Bason, to serve as Superintendent of Schools, effective August 9, 2016.

61. As Superintendent, Ms. Bason is charged with the administration of MASD.

62. According to the Board Policy Manual, the Board of School Directors of Montoursville Area School District, in accordance with applicable state and federal laws and regulations, establishes policies and procedures for the governance of the Board and for the safe and orderly operation of the school district. (See the Policy Manual, Section 000 attached hereto at Exhibit B).

63. This same Board Policy states that, "Board policies and procedures are not intended and shall not be construed to supersede or preempt any applicable law, whether constitutional, statutory, regulatory, or common law.  Consequently, all Board policies and procedures shall be given both an interpretation and application that is lawful.  **The Board** shall determine the final interpretation of its policies and procedures." Id.

64. This Policy section also states that "As the Board policies and procedures are limited by legal constraints, so too are the rights of those to whom the Board policies and procedures apply. Board policies and procedures are not intended to expand the rights of individuals beyond those established by law or to give to any individual a cause of action not independently established in law.  **Enforcement of Board policy and procedure rests exclusively with the School Board.**" Id.

65. The Policy goes on to state, "Administrative regulations shall be developed by the administration, under the direction of the Superintendent, for implementing the broad policies of the Board on a day-to-day basis.  **Administrative regulations shall not conflict with the Board policy.**" Id.

66. The Policy also states, "Administrative regulations are not part of Board policy and procedure and may be altered without Board action **but shall be submitted to the Board for review.**" Id.

67. The Policy also states, **"**Administrative regulations shall not preempt, create, supplant, expand or restrict the rights or liabilities of students, employees, or other members of the school district community beyond what is contemplated by law and are not intended to restrict or limit students, employees or others from pursuing any claims or defenses available under law." Id.

B. MASD's Back to School Planning

68. Over the summer, the School Board met for multiple meetings to discuss school policy,

including but not limited to, whether the masks would remain off the children in the school year

of 2021-2022 following the May 24, 2021, vote. A group of parents helped review and

formulate the Health and Safety Plan to submit to the School Board alongside their proposed

Health and Safety Plan taking into account the federal and state law, as well as, the March 11,

2021, CDC Report, and the lack of any peer reviewed scientific study showing the masks are

effective in spreading the COVID-19 virus.

69. At a meeting held on July 19, 2021, the parents provided input into substantial changes to

the Health and Safety Plan that were all voted on by the School Board. The recording of the

video from July 19, 2021, clearly reflects a conversation held between Board member, Ron

Snell, and President Shimmel regarding the language in part "i" of the plan as well as the

preamble to the plan contained on page 4. During this conversation, Board member Snell states

that the Health and Safety Plan should say that Montoursville Area School District will follow

the laws of the Commonwealth of Pennsylvania and will review any recommendations or

mandates of the Pennsylvania Department of Health or Pennsylvania Department of Education.

(Plaintiffs cannot submit this video into evidence as an attachment but will be prepared to

provide the video to the court upon request or at a hearing in this matter). The Health and Safety

Plan was approved by a vote of 8 to 0 at this meeting by the School Board following the addition

of the numerous changes made by parents and board members. Those changes included a mask

optional policy on all school grounds and even on the school buses as they are not considered

"public transportation" under the January 29, 2021, CDC Order. (See the Health and Safety Plan

attached hereto as Exhibit C).

70. When the policy was released and signed by Mr. Shimmel, it read as follows on page 4, "The district has and will continue to review any recommendations and follow any laws or mandates we receive from the Pennsylvania Department of Education or Pennsylvania Department of Health as well as consider the unique needs of our community and district." See Page 4 of the Health and Safety Plan.  Plaintiffs believe, and therefore aver, that this language is incorrect as it clearly conflicts with language in section "i" that was discussed at the meeting and the video recording of the changes made at the meeting.

C. Communication of the District's Health and Safety and Education Plans to District Families

71. Following the School Board meeting on July 19, 2021, Ms. Bason sent a district-wide email to parents concerning the Health and Safety and Education Plans for the 2021-2022 School Year and linked the plans to the email.

72. The Health and Safety Plan states with regard to the Universal and correct wearing of masks, "The School Board voted on May 24, 2021, that we will maintain mask optional status for the 2021-2022 school year." Id. at page 4

73. In the section of the Health and Safety Plan that deals with coordination with state and local health officials, the Plan states, "the district will follow Pennsylvania laws and **consider recommendations** made by the Pennsylvania Department of Education and the Pennsylvania Department of Health.

74. On page 4 of the Health and Safety Plan with regards to how the local education agency support prevention and mitigation policies, the Plan was supposed to state, "The District has and will continue to follow any laws and consider any recommendations or mandates we receive from the Pennsylvania Department of Education or Pennsylvania Department of Health as well as consider the unique needs of our community and district." See Exhibit C, Health and Safety

Plan Summary: Montoursville Area School District.  This language would follow the language

contained in "i" relating to "Coordination with state and local health officials."  Otherwise, the

Health and Safety Plan as approved and attached to this Complaint clearly contradicts itself.

75. The video of the July 19, 2021, school board meeting clearly shows that the language that

was approved by a vote of 8 to 0 that night was for the language contained in section "i" and the

mask optional policy.

76. The District's policy also states that, "The district will continue its rigorous schedule of

cleaning and sanitation, routine replacement of air filters and ventilation management." Id. at p.

5.

77. Following the July 19, 2021, meeting, the NIH Director, Dr. Frances Collins was interviewed

regarding placing masks on children in schools.  On August 17, 2021, the NIH Director, Dr.

Collins, was asked whether there was any data that showed that masks help prevent the spread of

COVID, to which he said, **"I wish we had the data."** (See the transcript of the Dr. Collins

interview attached hereto at Exhibit D).

78. In a review of Dr. Fauci's email that were released following a FOIA request, we can see an

email from Andrea Lerner at the NIH to Dr. Fauci on March 31, 2020, in which she wrote, "In

addition, I found the attached review on masks that addresses use in the community settings.

Attached are the paper and figure 3, which summarizes the data from 9 very diverse RCTs

(overlapping with what I had sent earlier). **Bottom line: generally, there were not differences

in Ill/URI/or flu rates when masks were used..."**

79. As we can see from the March 11, 2021, CDC Report studying masks from March 31, 2021,

through December 31, 2020 and from the emails to Dr. Fauci, is that the data shows that masks

do not work to prevent the spread of COVID-19 period, much less in the healthiest section of our population, the children.

80. The CDC has reported that children under the age of 18 have a 99.99% recovery rate from COVID-19. It should be noted that this percentage was before individuals were allowed to use Hydroxychloroquine or Ivermectin in the treatment of COVID-19. With the addition of these therapeutics, it is likely that the percentage of children that recover from a COVID infection will be 99.99nil.

D. The District Updates Its Health and Safety Plan, Requiring Universal Masking

81. On August 31, 2021, the Acting Secretary of Health under Governor Wolf, Alison Beam, issued a letter that contained a mandate to school entities, including public Prek-12 schools. The mandate stated, "Each teacher, child/student, staff, or visitor working, attending, or visiting a School Entity shall wear a face covering indoors, regardless of vaccination status, except as set forth in Section 3." This mandate was issued based upon the 1955 Disease Prevention and Control Law. However, the Disease Prevention and Control Law requires "a public health emergency" before any such mandate can be issued. On August 31, 2021, Governor Wolf issued no such emergency order. Therefore, the mandate is illegal under the laws of the Commonwealth of Pennsylvania.

82. Furthermore, the Disease Prevention and Control Law places the authority of implementing or not implementing any such mandate on the local governmental authorities. See 35 P.S. §521.3.

83. The local school boards have control over their school district, as evidenced in 24 P.S. §2-211 which states, "The several school districts in this Commonwealth shall be, and hereby are

vested as, bodies corporate, with all necessary powers to enable them to carry out the provisions of this act."

84. On September 3, 2021, Ms. Bason sent an email announcing the new policy of the Montoursville School District in response to the mandate issued by the Acting Secretary of Health. Ms. Bason's email informs the students and teachers that Montoursville Area School District will be returning to a mask policy in which the students and teachers will be required to wear a mask while on school premises and on school buses. Ms. Bason went on to state that if a child is not wearing a mask or face covering, the school bus driver will not pick them up. Her email also stated that if a student refuses to wear a mask or face covering, they will be held in the lobby of the school building until such time as a parent can come and get them, whether that is 15 minutes or several hours. Email from Ms. Bason to Montoursville Parents/Guardians, September 3, 2021, attached as Exhibit E.

85. Plaintiffs believe, and therefore aver, that this email was sent by Ms. Bason after consulting with Mr. Shimmel, the President of the School Board.

86. Plaintiffs believe, and therefore aver, that no other School Board members were consulted by Ms. Bason other than Mr. Shimmel.

87. No School Board meeting was called, nor special meeting of the School Board to address the letter and/or mandate from the Acting Secretary of Health. No quorum of school board members was consulted in the decision made by Ms. Bason to change the policy of MASD to masking versus the already approved mask-optional policy.

88. Regardless of whether the mandate by the Acting Secretary of Health is legal or not, the decision as to whether to follow the mandate should have been left to the discretion of the school board.

89. The Board policy clearly states that, "Enforcement of Board policy and procedure rests exclusively with the School Board." The Board policy also clearly states, "Administrative regulations shall not conflict with Board policy."

90. Ms. Bason issued an administrative policy in direct conflict with the School Board's Health and Safety Plan and failed to include the school board in the decision to change the policy of MASD from mask-optional to masks required.

91. Because Ms. Bason made a unilateral decision to reverse the mask-optional plan of the School Board by email without consulting the Board or holding a special meeting, neither the full Board, nor community members, had notice that the Ms. Bason would overturn the District's mask-optional policy.

92. Neither School Board members or community members were allowed to speak on the issue of the Acting Secretary of Health's mandate and whether the District should follow it. As the Health and Safety Plan states, the School Board was to be given an opportunity to review and consider the mandate before determining whether to follow it.

93. Rather than give the School Board members an opportunity to review and consider the mandate, Ms. Bason simply issued an email changing the policy in clear violation of the Board Policy and due process rights of Plaintiffs, MASD staff, students, and visitors, and the local community at large.

94. Plaintiffs believe, and therefore aver, that many parents would have spoken at the meeting to review and consider the mandate had they had been provided an opportunity to do so at a special meeting or the meeting scheduled for September 14, 2021. As a result of Ms. Bason's unilateral action, the Board members and constituents were not afforded their right to be heard.

95. Upon information and belief, the vast majority of speakers would have spoken in favor of the mask-optional policy in an effort to stop the abuse of interfering with a child's breathing with no scientific reason to do so.

E. The Board Members Were Never Provided An Opportunity To Be Heard Before Ms. Bason's Email Unilaterally Changing the Mask Policy on September 3, 2021.

96. Ms. Bason did not state that she spoke with any health professionals inside or outside of the MASD prior to concluding that universal masking should be required.

97. Ms. Bason provided no information from any local, Commonwealth, or national health agency to support the requirement of universal masking other than the Acting Secretary of Health's letter.

98. Ms. Bason did not provide any evidence that a mask-optional policy would undermine or prevent the District from achieving its goal of maximizing in-person instruction while protecting staff and students, or that masking was a more effective way to achieve this goal.

99. Ms. Bason did not present any evidence that a mask-optional policy would harm any student or staff member.

100. On September 3, 2021, Ms. Bason sent an email to Montoursville Parents/Guardians, stating as follows:

> "On August 31, 2021, the Acting Secretary of the Department of Health ordered that all staff, faculty, students, and visitors across the Commonwealth, including the Montoursville Area School District will now be required to wear face coverings indoors, regardless of vaccination status, effective Tuesday, September 7, 2021. We are obligated to follow this order and will comply with mandatory face coverings beginning on September 7, 2021.
>
> For full text of the order, please access-
>
> https://www.health.pa.gov/topics/Documents/Diseases%20and%20Conditions/Order%20of%20

the%20Acting%20Secretary%20Directing%20Face%20Coverings%20in%20Schools.pdf

Below are specific points of understanding:

1.  The order will take effect on Tuesday, 9/7/21.

2.  We will allow alternate outdoor spaces on our campus to be used as learning spaces as we did last year when possible.

3.  We will offer our students mask breaks throughout the day.

4.  Masks are not required indoors if engaging in physical activity (physical education or sports practice), eating, drinking, or playing an instrument that would be obstructed by a mask per the order.

5.  Signs will be posted at all district entrances per the order.

6.  Face shields are considered an acceptable face covering.

If you have specific questions about the order, please see the FAQ document here –
https://www.education.pa.gov/Schools/safeschools/emergencyplanning/COVID-
19/SchoolReopeningGuidance/ReopeningPreKto12/MaskingOrder/Pages/FAQs.aspx

One of the important answers in the FAQ is that there are consequences related to failure to comply. Should there be individual non-compliance after the student is offered a face covering, the individual will remain at the entrance of the school building until parents can retrieve their child. Students who ride buses will be provided a face covering and if they refuse to comply will not be allowed on the bus. If we experience non-compliance with the order in specific buildings that disrupts the school day, that building will be considered for remote instruction.

> We have posted "Mask Mandate FAQ's" on our website that speak specifically to our
> district. You can find those on the homepage."

See Exhibit E, September 2, 2021, email.

F. Ms. Bason's Rescission of the Mask Optional Requirement Causes Immense and Irreparable
Harm to Students, Staff, and Community, Who Are being abused under Pennsylvania law on a
daily basis and being subjected to psychological and physical harm.

101. Upon information and belief, a student at the middle school was locked out of the school for
not wearing a mask and left the school as a result of Ms. Bason' policy. Parents of the child
called the staff at the middle school to locate their child and the middle school staff was unaware
of the location of the child.

102. MASD's first day of school was September 7, 2021. By September 14, 2021, the date of the
next announced Board meeting to reconsider masking, students and staff will have spent seven
days being forced to wear masks in violation of the Board policy.

<u>COUNT I</u>

**42 U.S.C. §1983 - Violation of Procedural Due Process (5th and 14th Amendments)**

**Against All Defendants**

103. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

104. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove
a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be
deprived of a federally protected right. 42 U.S.C. §1983.

105. In the instant case, Defendants unquestionably acted under the color of state law.

106. At all times relevant hereto, Christina Bason was acting in her role as Superintendent of the
Montoursville School District School Board.

107. At all times relevant hereto, Mr. Shimmel was acting in his role as President of the Board of Directors of MASD.

108. Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. U.S. Const. Ann., Amendment V.

109. The Fourteenth applies the protections of the Fifth Amendment to state actors. U. S. Const. Ann., Amendment XIV.

110. Plaintiffs have constitutionally protected interests in the benefits that come from the mask optional policy that was rescinded, including the ability to pursue a safe and healthy education by being able to breath without carbon dioxide poisoning or the possibility of bacterial infection or bacterial pneumonia.

111. Defendants' rescission of the mask optional policy unlawfully deprives Plaintiffs of these and other constitutionally protected interests without due process of law. Such deprivation occurred with no notice or meaningful opportunity to be heard. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the Board's own policies and other applicable laws. Such deprivation violates the Fifth and Fourteenth Amendments of the Unites States Constitution.

112. Plaintiffs were harmed and continue to be harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

## COUNT II

### 42 U.S.C. §1983 - Violation of Substantive Due Process (Fourteenth Amendment) –

### Against All Defendants

113. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

114. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

115. In the instant case, Defendants unquestionably acted under the color of state law.

116. Each Individual Defendant is an elected, voting member of the Montoursville School District School Board.

117. Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment where they are not being asked to participate in a study of an EUA approved only mask.

118. Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

## COUNT III

### 42 U.S.C. §1983 – Right to Free Association (First Amendment)

### Against All Defendants

119. Plaintiffs incorporate the above averments as if set forth in full herein.

120. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

121. Defendants deprived Plaintiffs of the right of free association guaranteed by the First Amendment of the United States Constitution. Plaintiffs can no longer associate safely, or

potentially at all, because of Defendant's rescission of the mask optional policy, yet they are required under compulsory education laws to attend school.

122. Defendant's actions have placed Plaintiffs in a situation where in order to receive the federally protected education guaranteed to all children K-12 in the United States they must subject themselves to being left out in the cold by a bus driver or being falsely imprisoned in the lobby of the school.

123. Deprivation of this federally protected right violates the United States Constitution's First Amendment.

124. Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, imprisonment, increased risk of serious bodily injury and/or death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a. Assume jurisdiction of this action;

b. Vacate and set aside the Defendant's rescission of the mask optional policy, as well as any other action taken by Defendants to rescind the mask optional policy;

c. Declare that the Defendant's rescission of the mask optional policy is void and without legal force or effect;

d. Declare that the rescission of the mask optional policy and actions taken by Defendant to rescind the mask policy are arbitrary, capricious, based on ignorance due to failure to inquire into facts, otherwise not in accordance with law, and without observance of required procedures;

e. Declare that the rescission of the mask optional policy and actions taken by Defendant to rescind the mask policy are in violation of the Constitution and contrary to the laws of the United States;

f. Temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the rescission of the mask optional policy and from taking any other action to rescind the Health and Safety Plan that included a mask optional policy that is not in compliance with applicable law; and

g. Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of attorneys' fees and costs to Plaintiff.

Respectfully submitted,
**STAPP LAW, LLC**


/s/ Gregory A. Stapp
Gregory A. Stapp, Esquire
Attorney I.D. #78247
Attorney for Plaintiffs
153 West Fourth Street, Suite 6
Williamsport, PA  17701
570-326-1077